IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                   :
                                         :
EDGAR ABNER REYES COLON,                 :      Case No. 06-04675 (GAC)
                                         :
        Alleged Debtor                   :      Chapter 11 (Involuntary)
_____  :
                                         :

DECISION AND ORDER

Banco Popular de Puerto Rico ("Banco Popular") filed this involuntary petition under Chapter 11 on November 22, 2006. On December 15, 2006, the alleged debtor filed a motion to dismiss the involuntary petition (dkt. #6) and the Court ordered the alleged debtor to comply with Fed. R. Bankr. P. 1003(b), by filing a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts owed (dkt. #7). The involuntary petition was joined by Popular Auto (dkt. #9). The alleged debtor filed the list of creditors, in compliance with the Court's order, on December 28, 2006 (dkt. #10) and reiterated its motion to dismiss (dkt. #11).

The Court entered an order on December 28, 2006, indicating that it appears that there are twelve or more creditors and affording the creditors fifteen days to join in the petition (dkt. #12). On January 10, 2007, Banco Popular sought an extension of fifteen days to serve notice of the filing on the creditors (dkt. #15). The Court ordered the alleged debtor to reply within ten days (dkt. #16). The alleged debtor filed two responses (dkt. #18 and dkt. #19).

Banco Popular filed two motions to compel compliance with order, arguing that the alleged debtor did not affirm under oath that he is not a guarantor of the debts of any third person (dkt. #20 and dkt. #23) and the alleged debtor filed an answer contending that he complied when he filed the original list (dkt. #24). Counsel for Banco Popular now seeks to resign legal representation (dkt. #25).

The Court concludes that the alleged debtor has more than twelve creditors and that he filed the list of creditors on December 28, 2006.  The Court concludes that creditors were given a reasonable opportunity to join the petition in compliance with Fed. R. Bankr. P. 1003(b) and that Banco Popular has failed to join two other creditors in order to maintain this petition, as required by 11 U.S.C. § 303(b)(1).  Thus, the Court concludes that the involuntary petition must be dismissed.  While the Court does not have evidence before it, from which it can conclude that the petition was filed in bad faith, pursuant to 11 U.S.C. § 303(i)(B), the Court will award the alleged debtor reasonable attorney's fees.

ORDER

WHEREFORE IT IS ORDERED that this involuntary petition shall be, and it hereby is, DISMISSED.

IT IS FURTHER ORDERED that the motion resigning legal representation filed by Attorney Sergio A. Ramirez de Arellano on behalf of Banco Popular is DENIED.

IT IS FURTHER ORDERED that counsel for the alleged debtor is granted twenty (20) days to submit an application for the attorney's fees incurred in contesting this petition.  If Banco Popular fails to oppose the application within ten (10) days, judgment will be entered in favor of the alleged debtor and against Banco Popular, granting the attorney's fees requested.

SO ORDERED.

San Juan, Puerto Rico, this 27th day of March, 2007.

S/Gerardo A. Carlo

_____
Gerardo A. Carlo
U.S. Bankruptcy Judge