IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| EDGAR ABNER REYES COLON, | : | Case No. 06-04675 (GAC) |
| | : | |
| Alleged Debtor | : | Chapter 11 (Involuntary) |
| _____ | : | |
| | : | |

## DECISION AND ORDER

Banco Popular de Puerto Rico ("Banco Popular") filed this involuntary petition against the alleged debtor, Edgar Abner Reyes Colon ("Reyes"), on November 22, 2006.  On December 15, 2006, Reyes filed a motion to dismiss, in which he alleged the existence of more than twelve creditors and that Banco Popular was required to join two additional creditors to maintain the petition pursuant to 11 U.S.C. § 303(b)(1).  On December 18, 2006, Reyes was ordered to file a list of creditors and to comply with Fed. R. Bankr. P. 1003(b).  On December 28, 2006, Reyes filed the list of creditors (dkt. #10).  Based on the fact that Reyes has more than twelve creditors, the Court granted Banco Popular the opportunity to join additional creditors to maintain the petition, as required by 11 U.S.C. § 303(b)(1).  In spite of the ample opportunity given, Banco Popular failed to join sufficient creditors and on March 27, 2007, the Court entered an order dismissing the petition (dkt. #26).

In the order of dismissal, the Court stated that it did not have evidence before it, from which it could conclude that the petition was filed in bad faith, but granted Reyes the attorney's fees and expenses incurred in contesting the petition.  The Court

allowed Reyes twenty days to submit an application and allowed Banco Popular ten days to oppose it, indicating that if no opposition was filed, the application would be granted.

Three days after entry of the order of dismissal, Reyes sought reconsideration, contending that the petition was filed in bad faith (dkt. #28).  Reyes also submitted a breakdown of the attorney's fees and expenses in the amount of $9,512.65.  The Court entered an order on April 3, 2007, granting Reyes' request to retain jurisdiction and allowing twenty days to file specific allegations as to bad faith (dkt. #29).  Reyes submitted the motion on April 30, 2007 (dkt. #38).

Banco Popular filed a motion for reconsideration of the order of dismissal on April 9, 2007 (dkt. #32) and two supplementary motions (dkts. #33 and #36).  Reyes filed an answer (dkt. #37) and Banco Popular filed a reply (dkt. #39).

In its motion for reconsideration of dismissal, Banco Popular requests time to complete discovery and requests a hearing to consider whether there are special circumstances that warrant entry of an order for relief in spite of the existence of more than twelve creditors and the failure to join three creditors in the petition.  Banco Popular contends that the Court committed a manifest error of law by dismissing the case without affording it the right to discovery and a trial on the merits.

Reyes contends that Banco Popular's motion for reconsideration

of the dismissal was untimely and that it does not satisfy the criteria for reconsideration.  Reyes also contends that Banco Popular can not request reconsideration to raise arguments that could and should have been raised prior to entry of the order of dismissal.

## DISCUSSION

Banco Popular seeks reconsideration of the order of dismissal pursuant to Federal Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable.  This Rule states that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment."  Fed. R. Civ. P. 59(e).  In computing the time to act, the last day is not included if it is a Saturday, Sunday or legal holiday.  See Fed. R. Bankr. P. 9006(a).

In the present case, the Court's order of dismissal was entered on March 27, 2007 and the ten day period for seeking reconsideration would have expired on Friday, April 6, 2007, but it was a legal holiday, Good Friday, meaning that Monday, April 9 would be the tenth day and the motion was filed on April 9.  Thus, the Court concludes that Banco Popular's motion for reconsideration of the dismissal was filed on a timely basis.

In seeking reconsideration under Federal Rule of Civil Procedure 59(e), "the moving party must 'either clearly establish a manifest error of law or must present newly discovered

3

evidence.'" Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005)(*quoting* Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st Cir. 2004)). In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e). These are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F.3d at 7 n. 2 (citing 11 C. Wright et al., *Federal Practice & Procedure* § 2810.1 (2d ed.1995)).

Notwithstanding, a motion to alter or amend a judgment under Rule 59(e) is "aimed at reconsideration, not initial consideration." F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992). Accordingly, a party should not use it to "raise arguments which could, and should, have been made before judgment issued." Id. Motions under Rule 59 may not be used to argue a new legal theory. Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003). See also Nat'l Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1999).

In this case, Banco Popular alleges that the Court committed a manifest error of law by failing to grant it discovery and a trial prior to dismissing the petition. The Court concludes, however, that during the three months between the filing of the creditor list and the dismissal of the petition, Banco Popular

filed numerous motions, yet never alleged an exception to the requirement that at least three creditors join the involuntary petition. Moreover, even though Reyes directly alleged the failure to join two additional creditors as a basis for dismissal, Banco Popular did not allege an exception to the requirement at any time between its filing of the petition, as a sole creditor, on November 22, 2006, and the dismissal four months later.

The Court concludes that the involuntary petition filed by Banco Popular was insufficient on its face. Because Reyes has more than twelve creditors, three petitioners were necessary to commence the involuntary case. See 11 U.S.C. § 303(b)(1, 2). Moreover, during the three months from the filing of the list of creditors and the dismissal of the petition, Banco Popular was unable to join two other creditors to maintain the petition. Certainly, if Banco Popular had another theory as to how the petition could be maintained without the presence of two other creditors, it should have raised this matter in response to the Court's order granting it time to join additional creditors. If Banco Popular had raised the issue and not received a hearing, the Court agrees that it would have constituted a manifest error of law. But, under the circumstances, because Banco Popular failed to raise the argument on a timely basis, the Court concludes that no error has been committed. Accordingly, the motion for reconsideration will be denied.

ORDER

WHEREFORE IT IS ORDERED that Banco Popular's motion for reconsideration, as supplemented, shall be, and it hereby is, DENIED.

IT IS FURTHER ORDERED that Reyes is granted attorney's fees and expenses in the amount of $9,512.65, assessed against Banco Popular.

IT IS FURTHER ORDERED that Banco Popular is granted twenty (20) days to file a reply to the motion submitting specification allegations of bad faith (dkt. #38).

SO ORDERED.

San Juan, Puerto Rico, this 9th day of July, 2007.

S/Gerardo A. Carlo

_____
Gerardo A. Carlo
U.S. Bankruptcy Judge