**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| **IN RE:** | |
| | **CASE NO. 06-04675 BKT** |
| **EDGAR ABNER REYES COLON** | **Chapter 11** |
| **XXX-XX-2668** | |
| | **FILED & ENTERED ON 12/04/2009** |
| **Debtor(s)** | |

## OPINION AND ORDER

Before this Court is Banco Popular de Puerto Rico's ("BPPR") motion for the entry of the order for relief under Chapter 11 for failure to comply with Orders of the Court filed on November 19, 2009 [Dkt. No. 182]. BPPR's request stands unopposed in the record. For the reasons stated herein, the motion is GRANTED and an Order for relief will be entered against the Involuntary Debtor separately.

**I-     FACTUAL AND PROCEDURAL BACKGROUND**

On November 22, 2006, BPPR filed an involuntary petition under Chapter 11 on behalf of Dr. Edgar Abner Reyes Colon. ("Involuntary Debtor"] [Dkt. No. 1] On March 27, 2007, the captioned case was dismissed after Judge Gerardo A. Carlo made the determination that the Involuntary Debtor had more than 12 creditors and that BPPR failed to join two other creditors as required by 11 U.S.C. 303(b)(1) [Dkt. No. 26]. Shortly thereafter, BPPR moved the court for reconsideration of the order dismissing the case [Dkt. No. 40]. On July 18 2007, Judge Carlo denied BPPR's reconsideration of dismissal, so a Notice of Appeal to the Bankruptcy Appellate Panel

("BAP") was filed by BPPR on July 19, 2009 [Dkt. No. 41].

On November 21, 2008, the BAP remanded the case with instructions to afford BPPR the right to resume discovery [Dkt. No. 61]. After counsel for the Involuntary Debtor disputed BPPR's discovery requests, the court, interpreting the scope of the remand, allowed BPPR the opportunity to expeditiously conduct discovery in regards to the hearing on dismissal. As ordered at the status conference held on March 13, 2009, the parties jointly filed a discovery plan under Fed. R. Civ. P. 26 (f) on March 16, 2009, where the parties agreed to narrow the scope of the discovery to the following controversies: "the number of creditors that the debtor had as of the date of the filing of the involuntary petition and, if special circumstances exist for the Court to enter the order for relief against debtor even if debtor demonstrates that he has more than twelve creditors and no other creditor joins the petition." The parties anticipated that discovery would be completed on or before May 16, 2009 [Dkt. No. 80].

Following the Status Conference, multiple discovery disputes arose in regards to BPPR's requests [See Dkt. Nos. 86, 88, 90, 102, 108, 125, 131, 134, and 136]. The Court scheduled the matters for a hearing, stayed discovery upon the Involuntary Debtor's request [Dkt. No. 117] and after rescheduling, held a hearing on September 4, 2009. On even date, the court resolved the discovery disputes and warned the parties that if another discovery dispute arose in this case, sanctions would be levied against the uncooperative party [Dkt. No. 156]. The court ordered the parties to meet and file a new proposed discovery plan on or before September 11, 2009, and the discovery deadline was extended until November 30, 2009 [Dkt. No. 156].

On September 9, 2009, five days after the parties agreed to amicably resume discovery in this case, BPPR filed an emergency motion for sanctions against the Involuntary Debtor for failure to

comply with the September 4, 2009 Order [Dkt. No. 151]. The Involuntary Debtor's counsel advised that they would not participate in preparing a joint discovery plan because they would pursue a "stay on discovery and leave to file an interlocutory appeal" and that this "instruction from his client impeded him from preparing an amended discovery plan as ordered by this Court."  On even date, the Involuntary Debtor's *pro hac vice* counsel filed a motion for leave to file response, requesting the court to allow him to file an opposition to BPPR's motion for sanctions, indicating that local counsel had announced his resignation and that Dr. Reyes would need to "file multiple crucial motions that cannot wait for Dr. Reyes' locating and retaining new local counsel" [Dkt. No. 152]. The *pro hac vice* counsel continued that "Dr. Reyes must address the multiple issues created by Mr. Cuprill's resignation, including Dr. Reyes' ability to comply with this court's instructions regarding discovery and Dr. Reyes' pursuit of appellate review of this Court's ruling on the hearing held on September 4, 2009." *See*, motion in Dkt. No. 152.

On September 14, 2009, this Court granted Involuntary Debtor's requests, ordered him to file his motions within five days and granted local counsel Attorney Cuprill's withdrawal as counsel of record [Dkt. No. 154]. In addition, this Court warned Involuntary Debtor that he had 10 days to announce new local counsel or the *pro hac vice* approvals would be revoked. Two days after the deadline imposed by the court, on September 21, 2009, counsel for Involuntary Debtor filed an opposition to BPPR's motion for sanctions [Dkt. No. 159]. The Court noted that no appeal was filed as stated by Involuntary Debtor's *pro hac vice* counsel.

On the eve of the expiration of the 10-day deadline, the Involuntary Debtor's *pro hac vice* counsel, without leave from this Court to file without local counsel, requested an extension of thirty (30) days to obtain new counsel [Dkt. No. 161]. The court revoked the *pro hac vice* admission on

September 29, 2009, and extended the deadline to file a new discovery plan until October 9, 2009. The court also extended the discovery deadline until December 15, 2009, and allowed the Involuntary Debtor an unlimited amount of time to announce new counsel [Dkt. No. 163].

On October 7, 2009, BPPR moved this Court for the entry of the order for relief in light of the now *pro se* Involuntary Debtor's failure to cooperate with the preparation of the discovery plan. Evidence of a facsimile transmittal was attached to the motion [Dkt. No. 165]. On October 8, 2009, on the eve of the deadline to propose the new discovery plan, the Involuntary Debtor requested an extension of twenty (20) days to announce new counsel and a stay of the proceedings [Dkt. No. 166].1 On October 14, 2009, the Court granted the urgent motion, stayed the proceedings and allowed twenty (20) days for the Involuntary Debtor to announce new counsel or file the discovery plan. Proceedings would continue upon expiration of the twenty (20) day term or when one of the conditions of the order was met, whichever occurred first. The Court also warned the Involuntary Debtor that discovery has been halted for the last time; failure to comply with this Court's order would result in the entry of the order for relief and that no more extensions of time would be granted. [Dkt. No. 167].

On November 3, 2009, the Involuntary Debtor announced Attorney Romany as his new legal representation [Dkt. No. 181]. On November 4, 2009, BPPR moved for the entry of the order for relief as a sanction for the Involuntary Debtor's failure to timely comply with this Court's order [Dkt. No. 180]. This Court denied BPPR's motion [Dkt. No. 184].

On November 19, 2009, BPPR filed its third motion for the entry of the order for relief [Dkt. No. 182]. Moving creditor alleged that the Involuntary Debtor's new legal counsel had unilaterally

stayed discovery by refusing to meet to prepare the discovery plan as ordered by this Court on multiple occasions. The motion certified notice to the Involuntary Debtor's new counsel of record. The term to oppose this last request by BPPR has expired and therefore the motion stands unopposed.

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

## II-    APPLICABLE LAW AND DISCUSSION:

Fed. R. Civ. P. 372 provides the court with power to ensure compliance with its own orders, and specifically states, in pertinent part, the following:

**(a)…(b) Failure to Comply with a Court Order.**
(1) *Sanctions in the District Where the Deposition Is Taken.*
(2) *Sanctions in the District Where the Action Is Pending.*
(A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
**(iii) striking pleadings in whole or in part;**
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
**(vi) rendering a default judgment against the disobedient party;**

---

1 A notice of appeal was filed on October 8, 2009, and docketed in the CM/ECF record [Dkt. No. 171] on October 28, 2009. A notice of negative appeal [Dkt. No. 175] was entered and the appeal was dismissed on November 13, 2009 [Dkt. No. 183].
2 Rule 37 FR Civ P made applicable to bankruptcy proceedings by virtue of Fed R. of Bktcy P. Rule 7037, which is applicable to involuntary petitions by virtue of Fed. R. Bktcy P. Rule 1018

The Federal Rules of Civil Procedure permit courts to sanction discovery violations and provides courts with a great deal of discretion and flexibility in the award of sanctions, including entry of default and judgment. In re Spears, 265 B.R. 219 (Bankr.W.D.Mo.2001). Sanctions are appropriate when there is an intentional disregard of discovery orders. In re Lincoln North Associates, Ltd. Partnership, 163 B.R. 403 (Bankr.D.Mass.1993).

Furthermore, pursuant to 11 U.S.C.A. § 105:

**(a)** The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

A bankruptcy court has inherent authority to impose sanctions for willful abuse of judicial process pursuant to statute authorizing courts to issue any order, process, or judgment that is necessary or appropriate to carry out provisions of this title. In re Froid, 106 B.R. 293 (Bkrtcy.M.D.Fla.1989). The section of the Bankruptcy Code authorizing the court to issue any order necessary or appropriate to carry out the provisions of Title 11 of the U.S. Codes gives courts the power to ensure compliance with its own orders, so it has been referred to as conferring "statutory contempt powers" which inherently include the ability to sanction a party. 11 U.S.C.A. § 105(a). In re Nosek, 544 F.3d 34 (C.A.1 (Mass.) 2008). Civil contempt orders serve one or both of two purposes: (1) to compel or coerce obedience of a court order; and (2) to compensate parties for losses resulting from the contemptor's non-compliance with a court order. United States v. United Mine Workers of America, 330 U.S. 258, 303-04, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947).

In the captioned case, we agree with BPPR that the Involuntary Debtor's ultimate decision to

ignore the orders entered on September 4, 2009, September 29, 2009 and October 14, 2009 is a dilatory tactic used to obstruct and/or delay this proceeding and is a blatant disregard of this Court's orders.

When a disobedient party is provided with adequate warning that his or her noncompliance with an unambiguous order will likely lead to drastic consequences, the court is not required to exhaust less severe sanctions before either dismissing or entering a default judgment. In re Eddy, 339 B.R. 8, (Bkrtcy.D.Mass. 2006). Specifically, in the First Circuit, when considering a sanction of [entering a default] when a noncompliant litigant has disregarded court orders and has been suitably forewarned, a trial judge does not need to exhaust milder sanctions first. *See, e.g.,* Top Entm't, 285 F.3d at 119; *Figueroa Ruiz v. Alegria,* 896 F.2d 645, 649 (1st Cir.1990) (finding that court need not consider lesser sanctions where a party is "guilty not only of simple delay but of disobedience of a court order as well"); *Farm Constr. Servs., Inc. v. Fudge,* 831 F.2d 18, 20 (1st Cir.1987) (holding that a court need not consider less severe sanctions before turning to the sanction of dismissal).

The record in this case demonstrates that Involuntary Debtor has flagrantly disobeyed this court's orders. In accordance with the warning made on October 14, 2009, the order for relief will be entered against him. For the court to hold otherwise would be to encourage a blatant disregard for the discovery mechanism which supports our flexible system of civil pleading and litigation. *See,* National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). A separate order for relief in conformity with this Opinion will be entered.

San Juan, Puerto Rico, this 04 day of December, 2009.

**Brian K. Tester**
**U.S. Bankruptcy Judge**