IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                            :        CASE NO. 06-04675
                                                  :
EDGAR ABNER REYES COLON                           :        CHAPTER 11
                                                  :
        Involuntary Debtor                        :
_____         :

## OPINION AND ORDER RE RECUSAL

This case is before the court upon Dr. Edgar A. Reyes Colón's (hereinafter "Dr. Reyes") motion to recuse the undersigned judge[1] filed on September 9, 2016 (dkt. #735).  Dr. Francisco Quintero Peña, although claiming to be "not a party in this matter," has joined the motion requesting recusal (dkt. #748) and the motion requesting an inquiry into Banco Popular de Puerto Rico's misrepresentations to the court (dkt. #747).  Banco Popular de Puerto Rico (hereinafter "BPPR") has filed a response in opposition to the motion to recuse (dkt. #746).

Dr. Reyes, through counsel[2], alleges that "what should have been cause for long-delayed celebration was marred by Judge Lamoutte's prejudicial and wholly unnecessary advisory findings of alleged fraud in the Dismissal Order, and his invalid, extra-statutory, and publicly prejudicial referral of Dr. Reyes to the United States Attorney for the District of Puerto Rico (the "U.S. Attorney") for criminal prosecution.  Dr. Reyes further states that these orders "alone and considered together with Judge Lamoutte's past actions in this case - clearly show a pervasive pattern of apparent and actual bias on Judge Lamoutte's part against Dr. Reyes.  This warrants recusal."

---

[1] The undersigned is the third judge presiding over the instant involuntary petition.  The case was orginally assigned to bankruptcy judge Gerardo A. Carlo, reassigned to bankruptcy judge Brian K. Tester, who recused himself, and thereafter, the case was assigned to the undersigned.

[2] Dr. Reyes was first represented by local counsel Charles A. Cuprill, who withdrew in September 2009, and Richard Greiffenstein, Esq. Attorney Celina Romany appeared as counsel in November 2009.  In September 2010 attorney Fernando Van Derdys, Esq., appeared as counsel for Dr. Reyes, and was joined in August 2014 by attorney José Nieto-Mingo. Dr. Reyes retained attorneys Solomon L. Wisenberg, Esq. And Michael F. Ruggio, Esq. as pro hac vice counsel in February 2016, and George B. Cauthen, Esq.  in May 2016.

BPPR opposes the request for recusal on the grounds that the same "fails to meet the objective pervasive-bias exception test as explained in Likely v. United States, 510 U. S. 540 (1994) and this Honorable Court's prior decisions on this subject [In re Medrano Diaz, 182 B. R. 654 (Bankr. D. P. R. 1995) (Lamoutte, BJ)].  BPPR correctly asserts that Dr. Reyes opted not to present any evidence. Thus, the only evidence before the court was the evidence presented by BPPR, which stood uncontested.

This court declines to defend its actions as the same appear in the written opinion and orders referred to by both Dr. Reyes and BPPR.  Particularly, since BPPR has appealed the dismissal order, and had also appealed the May 23, 2012 order, In re Colón, 474 B. R. 330 (Bankr. D. P. R. 2012) (Lamoutte, BJ). The court's reasoning and the factual basis for the same is detailed in the orders.  The orders dismissing the involuntary petition but finding that special circumstances exist, as well as the order referring the matter for criminal investigation are made a part of this order re recusal as Exhibits 1 and Exhibit 2.  The court also includes as Exhibit 3 a transcript of the hearing held on November 12, 2015 (dkt. #632), and as Exhibit 4 a partial transcript of the hearing held on December 14, 2015.  The orders and the transcripts show the basis for this court's decisions, irrespective of whether or not the same may ultimately prevail on appeal.

Recusal of bankruptcy judges is governed by Federal Rule of Bankruptcy Procedure 5004 and 28 U. S. C. § 455. Adverse rulings and opinions generally do not provide a basis for recusal.  Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001). Specially when the alleged bias stems from evidence before the court.  United States v. Grinnell Corp., 384 U. S. 563 (1966).  The hearing transcripts are evidence that this court did not show impatience or animosity.  Likely v. United States, 510 U. S. 540 (1994). Contrariwise, the transcripts show that the court was patient and considered the arguments presented by Dr. Reyes, although it disagreed with the same for the reasons expressed both from the bench and in the written opinions in regards to the applicability of the "special circumstances" test to the facts of this case.  Any and all opinions regarding this case have been made for the record, which transparency should be weighed in any recusal determination.  Any elaboration, at this juncture is inappropriate.

The reasons for the criminal referral are in the order.  The court finds to be duty bound by 18

2

U. S. C. § 3057 to make a referral to the United States Attorney when there is evidence before it that a federal crime may have been committed. It has been the practice of this judge to generally make the criminal investigation referrals by an order that is docketed in the record and not by private confidential letter when the evidence appears in the record, as it did in this case.

In view of the foregoing, the motions requesting the recusal of this judge are hereby denied. The court concludes that its determinations were made after considering the facts, which were not contested, in light of the applicable law, as presently understood by this judge, and not due to any bias or prejudice.

SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2016.

Enrique S. Lamoutte
United States Bankruptcy Judge