UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>EDGAR REYES COLON,<br><br>Involuntary Debtor. | Case No: 06-04675 (ESL)<br>Chapter 11 |

### FRANCISCO QUINTERO PEÑA'S MOTION FOR COURT LEAVE TO FILE REPLY TO [DOCKET # 790] BANCO POPULAR OF PUERTO RICO'S OPPOSITION TO DR. QUINTERO'S MOTION FOR RECONSIDERATION

COMES NOW *nonparty* Francisco Quintero Peña ("Dr. Quintero"), through undersigned counsel, and files his motion for court leave to file a reply to [Docket # 790] Banco Popular of Puerto Rico's opposition to Dr. Quintero's motion for reconsideration.

Dr. Quintero's reply abides by L.Cv.R. 7 in that it replies to new matters related in Banco Popular of Puerto Rico's opposition pleading and it is less than ten pages in length.

Dr. Quintero's reply is attached hereto as Exhibit "1."

Respectfully submitted,

s/ Yahil Quintero-Santos

Yahil Quintero-Santos, Esq.
USDC-PR Bar No. 227603
PO BOX 1743, Vega Baja, P.R. 00694.
Email: yahquintero@gmail.com
Telephone: (787) 858-6357
Fax: (866)543-1891

s/ Jose M. Quiñon

Jose M. Quiñon, Esq.
USCD-PR 305410
Fla. Bar 201944
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129
Tel. (305) 858-5700
Fax (305) 358-7848
Email: jquinon@quinonlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion for leave to file reply to [Docket #790] Banco Popular of Puerto Rico's opposition to Dr. Quintero's motion for reconsideration was filed through

1

the Court's ECF system this 17th day of November, 2017, which will notify all participants of record, to include Banco Popular de Puerto Rico and Popular Auto.

/s/ Yahil Quintero-Santos

# EXHIBIT "1"

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>EDGAR REYES COLON,<br><br>Involuntary Debtor. | Case No: 06-04675 (ESL)<br>Chapter 11 |

### FRANCISCO QUINTERO PEÑA'S REPLY TO BANCO POPULAR OF PUERTO RICO'S OPPOSITION TO HIS MOTION FOR RECONSIDERATION [DOCKET #790]

COMES NOW *nonparty* Francisco Quintero Peña ("Dr. Quintero"), through undersigned counsel, and files his reply to Banco Popular of Puerto Rico's ("BPPR") opposition to his motion for reconsideration [Docket #790].

I

Dr. Quintero's first argument in his motion for reconsideration asserted that the sanctions order must be vacated or dismissed because Rule 37, which was cited by the Court as authority for the sanctions, only applies to parties and Dr. Quintero is not a party. *See* DE # 789, pp. 5-7.[1] Confronted with the weight of overwhelming legal authority supporting Dr. Quintero's position, BPPR attempts to change the legal basis for the sanctions order. While recognizing that the Court "cited Rule 37 in its order" as authority, it nevertheless argues that "in the end," it is an order based on inherent authority. DE # 790. BPPR's position is unavailing and must be rejected by the Court for multiple reasons.

To begin, the Court *cited* Rule 37 as the source of its authority to impose the sanctions, as BPPR grudgingly concedes. DE ## 787, 790, p. 2. Because the Court has spoken on the issue, and BPPR as a litigant cannot speak for the Court, BPPR's argument is meritless.

---

[1] Dr. Quintero is a nonparty who was brought into the proceedings via Fed. R. Civ. P. 45 subpoena duces tecum.

1

Secondly, BPPR's response also speculates, without supporting language in the sanctions order, that the sanctions order was not based on Rule 37 because the Court's order cited to *Goodyear Tire & Rubber Company v. Haeger*, 137 S. Ct. 1178 (2017) (a case that establishes the proper method to measure fees to be awarded). *See* DE # 790, p. 2. BPPR's speculation simply ignores the Court's citing of *Benitez-Garcia v. Gonzalez Vega*, 468 F.3d 1 (1st Cir. 2006), *which is a Rule 37 case*, as providing authority for imposing sanctions based on factors such as "willfulness, bad faith or fault, prejudice to the adversarial party, notice of the imposition of sanctions for failure to comply with discovery requests, and whether there are less drastic measures available." DE # 787. Indeed, the Court's relied on these factors delineated in *Benitez-Garcia* to impose the Rule 37 sanctions in this case. However, there is no need to speculate because the Court's order here states that it has authority to impose sanctions for "engaging in improper conduct during the course of discovery" pursuant to Rule 37, which is applicable by Fed. R. Bankr. P. 7037 and Fed. R. Bankr. P. 9014(c). DE # 787. Accordingly, the sanctions were imposed pursuant to Rule 37, as the Court announced.[2]

## II

Dr. Quintero's second argument is that Rule 37(a)(1) requires a *certification* that the movant "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In his initial pleading Dr. Quintero cited authority holding that the certification is *mandatory*. *See* DE # 789, p. 7. In response, BPPR does not deny that the certification is mandatory. Instead of admitting the failure

---

[2] Sanctions against nonparties for discovery violations, such as the failure to produce documents, must be imposed via contempt pursuant to Fed. R. Civ. P. 45, which requires a much higher burden of proof on the movant. *See, e.g., In re NCAA Student Name & Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 84144 at *19-20, 2012 WL 2281253 (M.D.N.C. 2012).

2

to comply with the mandatory certification, BPPR recounts what it considers to have been its good faith efforts to obtain discovery from Dr. Quintero. BPPR misses the point. To move forward with sanctions BPPR was required to include a *certification* within the motion for sanctions, and it did not. Because the certification is mandatory and BPPR did not comply, sanctions cannot be imposed.

### III

Dr. Quintero's third argument asserted that BPPR's motions for sanctions were defective in failing to provide sufficient notice of the specific accusations against him. In effect, this failure of notice allowed the expansion of the scope of the hearing. Dr. Quintero's due process rights were violated because he was left in the blind concerning the specific violations that he had to defend against. So he was sanctioned based on 35 docket entries, most of which were not mentioned in BPPR's motions for sanctions – and thus he was deprived of his opportunity to be heard before sanctions were imposed, or to argue for lesser sanctions.

BPPR's response accuses Dr. Quintero of looking at the record with a "biased view." DE # 790, p. 5. In essence, BPPR takes the view that looking at different docket entries, Dr. Quintero should have known that aside from the two motions noticed for hearing the Court had reserved jurisdiction in docket entry 592 to impose sanctions for failure to comply with discovery requests and orders. *Id.* BPPR considers that to be sufficient notice to comport with due process. With all due respect to BPPR, the motions for sanctions themselves must provide adequate notice of the specific accusations – and if the accusations were based on specific docket entries – then those docket entries had to be presented within the body of the motions, which was not done in this case. Failure to give the appropriate notice resulted in Dr. Quintero being sanctioned based on 35 docket entries, most of which are nowhere mentioned in the motions for sanction.

3

## IV

Dr. Quintero's fourth argument asserts the lack of evidence – as opposed to lawyers' arguments or unsworn allegations in pleadings – to sanction him. This argument highlighted that BPPR's allegations of noncompliance with regard to discovery production were based on unsworn allegations in pleadings and arguments of counsel. And the February 22, 2017 hearing gave BPPR the opportunity to present evidence to prove that indeed Dr. Quintero had failed to produce documents or comply with court orders, and thus he should have been sanctioned. However, BPPR did not present sufficient evidence at the February 22 hearing. Instead, it relied, once again, on arguments of counsel. But argument of counsel is no substitute for evidence, which is what BPPR was required to adduce to meet its burden of proof.

BPPR confronts this argument by pointing out various docket entries it believes supports lack of compliance with discovery requests by Dr. Quintero and further observes that an invocation of the Fifth Amendment in a civil case permits adverse inferences against the party advancing the invocation. BPPR's response fails to answer Dr. Quintero's position head-on. Put differently, BPPR does not address Dr. Quintero's argument that BPPR was required to produce evidence – either witnesses or documents – to prove Dr. Quintero's noncompliance, and it simply failed to do so. In short, BPPR's retort is unavailing because it is irrefutable that the *evidence* (as opposed to argument of counsel or pointing to unsworn pleadings) presented fell far short of what is required to impose sanctions.

## V

In conclusion, the order imposing sanctions in this case [DE # 787] should be vacated and/or dismissed for the foregoing reasons.

Respectfully submitted,

s/ Yahil Quintero-Santos                    s/ Jose M. Quiñon

Yahil Quintero-Santos, Esq.                 Jose M. Quiñon, Esq.
USDC-PR Bar No. 227603                      USCD-PR 305410
PO BOX 1743, Vega Baja, P.R. 00694.         Fla. Bar 201944
Email: yahquintero@gmail.com                2333 Brickell Avenue, Suite A-1
Telephone: (787) 858-6357                   Miami, Florida 33129
Fax: (866)543-1891                          Tel. (305) 858-5700
                                            Fax (305) 358-7848
                                            Email: jquinon@quinonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing reply to Banco Popular of Puerto Rico's opposition to Dr. Quintero's motion for reconsideration was filed through the Court's ECF system this 17th day of November, 2017, which will notify all participants of record, to include Banco Popular de Puerto Rico and Popular Auto.

/s/ Yahil Quintero-Santos

5