IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 06-04675 (ESL) |
| EDGAR ABNER REYES COLON | CHAPTER 11 |
| Debtor | |

OPINION AND ORDER

This matter is before the court upon the *Judgment* rendered by the United States District Court for the District of Puerto Rico (Case No. 18-01066, Docket No. 18) whereby the district affirmed the award of sanctions against Dr. Francisco Quintero Peña ("Dr. Quintero") but vacated the amount of fees awarded and remanded the matter to this court so that sanctions to be awarded to Banco Popular de Puerto Rico ("BPPR") be recalculated on the revised computation, particularly the reduction of timesheet entries that are related to legitimate discovery, or otherwise unrelated to dilatory tactics by Dr. Quintero, such as changes in representation. (Refer to Docket No. 845). BPPR filed a *Motion in Compliance with Order at Docket No. 863* by which the time sheets were revised and BPPR contends that Dr. Quintero had already paid BPPR $15,532.00 without protest, reservation, or objection and, therefore, this issue is jurisdictionally moot (Docket No. 871). Dr. Quintero filed a *Motion in Compliance and in Opposition to: "Motion in Compliance with Order at Docket No. 863" Filed by Banco Popular de Puerto Rico (Dkt #871)* arguing that: (i) that the issue is not moot, the controversy regarding the overbilling of fees requested by BPPR is alive and has a tailored remedy to be ruled, the reimbursement of overpaid fees; (ii) the First Circuit Court of Appeals has established the lodestar method of calculating fees as its method of choice. Matalon v. Hynnes, 806 F. 3d 627, 638 (1st Cir. 2015); (iii) the revision made by attorney Abesada and attorney Díaz Olmo does not comply with the U.S. District Court *Judgment* and the legal applicable standard; (iv) multiple entries claimed by BPPR remained duplicated, excessive, and/or unrelated to Dr. Quintero's alleged conduct, or include other matters beyond Dr. Quintero's alleged conduct and the same must be removed and the timesheet entries should be reduced; and (v) BPPR has to reimburse Dr. Quintero the corresponding overpaid amount after re-computation with its applicable interest (Docket No. 882). Replies and sur-replies ensued. For the reasons stated

herein, the *Motion in Compliance with Order* is denied and Dr. Quintero's *Motion in Compliance and in Opposition Thereto* is granted in part and denied in part.

Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Relevant Procedural History

On October 26, 2017, the Court entered an *Order* by which it stated that at the time there were three matters pending before the Court. The first matter, which is the only matter over which the court specifically retained jurisdiction is whether sanctions should be imposed against Dr. Quintero. The court concluded that, "[t]he repeated and continuous failure to comply with discovery requests affected the court's ability to manage the case and adversely affected the opposing party. The misconduct shows bad faith. Consequently, the court awards as sanctions in favor of BPPR and against Dr. Francisco Quintero the amount of attorneys' fees incurred as a result of Dr. Quintero's failure to comply with the discovery requests. Goodyear Tire & Rubber Company v. Haeger, 137 S. Ct. 1178 (April 18, 2017)" (Docket No. 787, pgs. 1-3). The court also ordered that BPPR provide the court with the detail as to the attorney's fees within thirty (30) days. On November 1, 2017, Dr. Quintero filed a *Motion for Reconsideration of [DE #787] Docket Text Order Imposing Sanctions Against Him and in Favor of Banco Popular de Puerto Rico* (Docket No. 789). On November 10, 2017, BPPR filed its *Opposition to Dr. Francisco Quintero Peña's Motion for Reconsideration at Docket No. 789* (Docket No. 790). On November 11, 2017, Dr. Quintero filed a *Motion for Leave to File Reply to [Docket #790] Banco Popular of Puerto Rico's Opposition to Dr. Quintero's Motion for Reconsideration* (Docket No. 791). On December 5, 2017, the Court granted the motion filed by Dr. Quintero requesting leave to file reply to BPPR's opposition to Dr. Quintero's motion for reconsideration (docket #791). The court denied the motion for reconsideration (docket #789) (Docket No. 795). On December 21, 2017, BPPR filed a *Motion in Compliance with Order at Docket No. 787 and in Support of Request for Attorney Fees* (Docket No. 799). On January 9, 2018, the Court granted the motion filed by BPPR requesting entry of order for attorney's fees against Dr. Quintero in compliance with Order at docket #787 (docket #799). Dr. Quintero shall comply within thirty (30) days. (Docket No. 801).

On January 23, 2018, Dr. Quintero filed a *Notice of Appeal and Statement of Election to United States District Court* (Docket No. 803) by which Dr. Quintero appealed the Order entered

on October 26, 2017 (Docket No. 787) awarding sanctions against Appellant; the Order entered on December 5, 2017 (Docket No. 795) denying the motion for reconsideration filed by Appellant; and, the Order entered on January 9, 2018 (Docket #801) granting BPPR's request for entry of attorney's fees against Appellant. On February 6, 2018, Dr. Quintero filed the *Designation of Items and Statement of Issues on Appeal*. The issues on appeal were as follows: "(1) whether the Bankruptcy Court could retain jurisdiction to impose sanctions over a non-party under Law v. Siegel, 134 S. Ct. 1188 (2014) upon dismissal of the involuntary bankruptcy case for failure to comply with statutory provisions of the Bankruptcy Code; (2) whether the Bankruptcy Court failed to apply the appropriate legal standard in awarding sanctions against a non-party; (3) whether Dr. Francisco Quintero complied in good faith with discovery requests by producing the evidence under his control; (4) whether the Bankruptcy Court abused its discretion by considering matters which were not properly the subject of the February 22, 2017 evidentiary hearing for the purpose of awarding sanctions against a non-party; and (5) whether the sanctions awarded against a non-party are proportional to the conduct intended to be deterred by the Bankruptcy Court" (Docket No. 808).

On February 16, 2018, BPPR filed a *Motion to Enforce Order at Docket No. 801,* since Dr. Quintero has failed to request a stay of proceedings pending appeal or to post a supersedeas bond, *BPPR* requested that Dr. Quintero deposit with the Clerk of the Bankruptcy Court the amount of $15,352.00 in attorney's fees (Docket No. 816). On March 5, 2018, Dr. Quintero filed a *Motion to Stay Order Pending Appeal* (Docket No. 822). On March 13, 2018, BPPR filed its *Opposition to Dr. Francisco Quintero's Untimely Motion to Stay Order Pending Appeal (Docket #822)* (Docket No. 825). On March 21, 2018, the Court denied the motion to stay pending appeal filed by Dr. Quintero (docket #822) for the reasons stated in the opposition filed by BPPR (docket #825). The court agreed with BPPR's position that the motion fails to meet the requirements for such an extraordinary remedy, that is, likelihood to succeed on the merits, irreparable harm, injury to other parties, and where the public interest lies (Docket No. 826). On March 21, 2018, BPPR filed a *Motion to Enforce Outstanding Order Compelling Dr. Quintero to Pay Sanctions* (Docket No. 827). On March 27, 2018, Dr. Quintero filed a *Motion Requesting the Approval of Supersedeas Bond* (Docket No. 829). On April 2, 2018, the court ordered BPPR to state its position regarding Dr. Quintero's motion to stay pending appeal by posting a supersedeas bond (Docket No. 830). On April 16, 2018, BPPR filed its *Opposition to Dr. Quintero's Untimely Motion to Stay Order Pending Appeal* (Docket No. 832). On April 25, 2018, the court denied Dr. Quintero's motion to

stay pending appeal for the reason stated in BPPR's opposition (Docket No. 833). On April 30, 2018, BPPR filed a *Motion to Execute Order to Pay Overdue Sanctions* (Docket No. 835). On May 3, 2018, BPPR filed a *Motion Submitting Proposed Attachment Order and Writ of Attachment* (Docket No. 836). On May 4, 2018, Dr. Quintero filed his *Opposition to Motion to Execute Order to Pay Overdue Sanctions (Dkt #835) & Related Documents (Dkt #836) And Request for Thirty One Days (31) to Satisfy the Payment of Sanctions to Banco Popular* and the court granted the same on May 30, 2018 (Docket Nos. 837 & 838). On June 5, 2018, Dr. Quintero filed an *Informative Motion Regarding Compliance with Court Order (Dkt No. 787) Related to Sanctions Pending Appeal* and the same was granted on June 8, 2018 (Docket Nos. 839 & 840).

At the time the case was closed, August 7, 2020, the decision on appeal dated March 29, 2019 by the U.S. District Court for the District of Puerto Rico was not entered on the bankruptcy case docket (Docket Nos. 845, 846, 847 & 848). The district court *Judgment* provides in pertinent part:

> "The appeal is, therefore, GRANTED as to the award of attorney's fees as a sanction for that. The amount of the sanction, however, is VACATED. The Bankruptcy Court granted the amount requested in its entirety, without any adjustments for items which were incurred as attorney's fees related to legitimate discovery or otherwise unrelated to dilatory tactics by Quintero. For example, from attorney Díaz Olmo's time sheets:
>
> - Five entries, from May 11, 2009 through June 15, 2009, related to the preparation of, receiving and reading of motions for extension of time and related orders.
> - Five entries, from October 17, 2015 through February 29, 2016, related to the withdrawal of Dr. Quintero's attorneys and the appearance of new counsel.
> - April 29, 2011, Review and analysis of documents produced by Dr. Quintero.
> - May 12, 2011, Preparation of a binder of the documents produced by Dr. Quintero.
>
> Similar entries are found in attorney Abesada's timesheets.
>
> For the above stated reasons, this action is REMANDED to the Bankruptcy Court for consideration and reduction of timesheet entries that are legitimately related to discovery, or unrelated, such as changes in representation. Sanctions to be awarded to Banco Popular de Puerto Rico will be recalculated on the revised computation." (Docket No. 845).

On July 6, 2020, this court entered an *Order* by which it ordered the following pertaining to the imposition of sanctions against Dr. Quintero: (i) the court reopens the case for the limited purpose of considering the remand order by the district court regarding the imposition of sanctions against Dr. Francisco Quintero and (ii) Banco Popular de Puerto Rico shall move the court within thirty (30) days informing on the revised timesheet entries addressed by the district court in its

March 29, 2019 *Judgment* (Docket No. 863, pg. 5). On August 5, 2020, BPPR filed a *Motion in Compliance with Order at Docket No. 863* by which the time sheets were revised, and the amounts changed from $15,532.00 to $14,644.90. BPPR contends that Dr. Quintero had already paid BPPR $15,532.00 without protest, reservation, or objection and, therefore, this issue is jurisdictionally moot (Docket No. 871). On September 4, 2020, Dr. Quintero filed a *Motion in Compliance and in Opposition to: "Motion in Compliance with Order at Docket No. 863" Filed by Banco Popular de Puerto Rico (Dkt #871)* arguing that: (i) that the issue is not moot, the controversy regarding the overbilling of fees requested by BPPR is alive and has a tailored remedy to be ruled, the reimbursement of overpaid fees; (ii) the First Circuit Court of Appeals has established the lodestar method of calculating fees as its method of choice. Matalon v. Hynnes, 806 F. 3d 627, 638 (1st Cir. 2015); (iii) the revision made by attorney Abesada and attorney Díaz does not comply with the U.S. District Court *Judgment* and the legal applicable standard; (iv) multiple entries claimed by BPPR remained duplicated, excessive, and/or unrelated to Dr. Quintero's alleged conduct, or include other matters beyond Dr. Quintero's alleged conduct and the same must be removed and the timesheet entries should be reduced; and (v) BPPR has to reimburse Dr. Quintero the corresponding overpaid amount after re-computation with its applicable interest (Docket No. 882). On September 8, 2020, BPPR filed a *Motion for Leave to File Reply Brief in Further Support of its Motion in Compliance Filed at Docket #871*, by which it contends that: (i) Dr. Quintero's "Response" goes beyond the scope of the district court *Judgment*'s limitations and seeks to challenge whether the billable time was "excessive;" and (ii) Dr. Quintero failed to raise this argument before this court, and the district court's *Judgment* does not include excessive billable time amongst its remand grounds. Thus, this argument should be denied as waived and beyond the *Judgment*'s narrow scope (Docket No. 883). On September 15, 2020, Dr. Quintero filed a *Motion Requesting Leave to File Response to: "Reply Brief in Further Support of Motion in Compliance with Order Filed at Docket #871" Filed by Banco Popular de Puerto Rico at Dkt #883*, by which he contends that: (i) there are more than fifty (50) entries that were improperly submitted due to: duplicity of entries; the use of unnecessary duplicity of experienced attorneys, duplicated billing; duplicity of legal research; entries related to motions requesting extension of time, the inclusion of entries related to matters that were not entirely related to rescheduling; entries related to the withdrawal/appearance of counsels; and entries that include unreasonable and excessive time billed for federal court experienced attorneys; (ii) the argument regarding "excessive" billing is not a new issue because it was raised on appeal (Case No. 18-01066, Docket No. 9). "The

evaluation of excessiveness of entries awarding attorney's fee is a matter of standard law. Accordingly, there is no necessity to be specifically expressed by the district court in its Judgment. However, BPPR's argument defending its improper claims averring that excessiveness of its timesheets was waived by Dr. Quintero, was raised by them, and rejected by the District Court;" and (iii) the evaluation of the adequacy of the timesheet entries submitted is an inherent duty of the Court even when there is no expressed opposition. The Court relying on principles of equity may deem fees unreasonable where reported hours are excessive, redundant, or otherwise unnecessary. Torres-Rivera v. O'Neill-Cancel, 524 F. 3d 331, 336-337 (1st Cir. 2008). Under most federal fee-shifting statutes, the trial judge, among others, must subtract duplicative, unproductive, or excessive hours. Gay Officers Action League v. Commonwealth of Puerto Rico, 247 F. 3d 288 (1st Cir. 2001) (Docket No. 888).

On September 16, 2020, BPPR filed a *Motion to Strike Francisco Quintero's Motion for Leave to File Non-Compliant Sur-reply Brief Filed at Docket #888* based upon the following: (i) Dr. Quintero's proposed sur-reply brief goes well beyond the reply brief's limited content, thus warranting being summarily denied and stricken from the record; (ii) the reply brief's content were solely and strictly focused on Quintero's "Response" going beyond the limited scope of the District Court's *Judgment*, as it impermissibly sought also to challenge whether the billable time was also "excessive." Dr. Quintero did not raise this argument before the Bankruptcy Court pre-appeal—after all, the timesheets were unopposed--, nor the district court's *Judgment*'s text mention billable time being "excessive" amongst its remand grounds; and (iii) Dr. Quintero concedes that the argument of excessiveness was first raised on appeal (Docket No. 888-1, ¶ 6) and as such it was waived (Docket No. 889). On September 23, 2020, Dr. Quintero filed his *Opposition to: Banco Popular de Puerto Rico's "Motion to Strike Francisco Quintero's Motion for Leave to File Non-Compliant Sur-reply Brief Filed at Docket #888" Filed at Docket #889* arguing that: (i) BPPR filed a *Motion for Reconsideration* regarding the district court's *Judgment* requesting the court to reconsider the following: (1) Dr. Quintero failed to challenge any part of BPPR's attorney fee memorandum at the Bankruptcy Court, the issue was not preserved and therefore the issue should be disregarded and the unchallenged amount awarded reinstated; (2) Dr. Quintero's argument as to the excessive attorney's fees imposed by the Bankruptcy Court was a perfunctory briefing in which Dr. Quintero failed to make specific reference to any particular entry; and (3) the Bankruptcy Court did not abuse its discretion when it imposed the monetary sanctions against Dr. Quintero. All arguments were rejected and denied by the district court; and (ii) all entries identified

and challenged by Dr. Quintero, including entries identified as billed by unreasonable extension of time are subject to evaluation and review by this Court (Docket No. 890). On September 25, 2020, BPPR filed a *Motion for Leave to File Reply Brief in Further Support of its Motion to Strike* further arguing that pursuant to the argument-waiver doctrine, Dr. Quintero is impeded from raising an argument that he never asserted with the Bankruptcy Court pre-appeal (Docket No. 891). On October 6, 2020, Dr. Quintero filed a *Motion Requesting Leave to File Further Response To: Banco Popular de Puerto Rico's Reply Brief in Further Support of Its Motion to Strike Filed at Docket #891* further contending that: (i) the Bankruptcy Court is not a rubber stamp in terms of granting improper and illegal attorney's fees as a discovery monetary sanction; (ii) BPPR does not have a second chance to resurrect an argument that was rejected by the district court. If BPPR was unsatisfied with the district court Judgment, it should have appealed the same to the Court of Appeals for the First Circuit; (iii) "…the Court is guided in its calculations by principles of equity while it strives to determine the most fair and sensible solution for apportioning the fee awards, and therefore, the Court may deem fees unreasonable where the reported hours are excessive, redundant, or otherwise unnecessary and may discount or reject hours claimed if the Court determines that the time is insufficiently documented or if the prevailing party fails to provide the Court with sufficiently specific records to allow the Court to make a determination regarding excessiveness or redundancy" Torres-Rivera v. O'Neill-Cancel, 524 F. 3d 331, 336-337 (1st Cir. 2008); and (iv) "… as a standard of law, the Bankruptcy Court has the duty to evaluate and reject or discount under the mentioned criterion. Therefore, all entries identified by Dr. Quintero are subject of evaluation and review by this Honorable Court." (Docket No. 893). On October 13, 2020, BPPR filed its *Reply Brief in Further Support of Striking Francisco Quintero's Motion for Leave to File Non-Compliant Sur-reply Brief Filed at Docket #888*, reasserting its position that Dr. Quintero's failure to timely assert an argument with the Bankruptcy Court results in waiver pursuant to the argument-waiver doctrine (Docket No. 895).

Issues

The first issue before the court is whether Dr. Quintero failed to specifically raise the issue regarding that the billable time was "excessive" and thus waived the argument. The second issue is whether the revisions to the time sheet entries made by attorney Abesada and attorney Díaz Olmo comply with the district court *Judgment.*

Dr. Quintero first raised the issue of the excessive attorney's fees in its Appellant Brief before the District Court under the fifth issue on appeal which was whether the sanctions awarded

against a non-party are proportional to the conduct intended to be deterred by the Bankruptcy Court. The appellant argued that, "[o]n December 21, 2017, BPPR filed a motion requesting entry of order for attorney's fees of $15,352.00 against Dr. Quintero (Dkt No. 799). Subsequently, on January 9, 2018, the Bankruptcy Court granted BPPR's motion. The attorney's fees requested and granted by the Bankruptcy Court are outrageous, excessive and extended faraway the scope of the evidentiary hearing for sanctions held on February 22, 2017" (Case No. 18-01066; Docket No. 9, pg. 33). The appellant further argued "that if the monetary sanctions imposed against Dr. Quintero survive all the contested legal matters on this appeal, the attorney's fees that could be claim[ed] [were] those incurred after the September 2015 *subpoenas duces tecum*." Dr. Quintero argues that the fees incurred should be those after September 2015 because on April 29, 2011, BPPR withdrew its request to hold Dr. Quintero in contempt or to compel production of documents requested (Case No. 18-01066; Docket No. 9, pg. 34). BPPR in its Appellee brief argued that Dr. Quintero waived his right to challenge the attorney's fees levied against him by the Bankruptcy Court due to his failure to oppose BPPR's attorney's fee memorandum. BPPR also argued that Dr. Quintero's untimely argument is completely devoid of any factual underpinnings, legal citations or analysis. Thus, this undeveloped argument is waived. (Case No. 18-01066; Docket No. 13, pgs. 24-25).

Dr. Quintero in its *Reply to Appellee's Brief* further argued that:

> (i) "[a]s stated in Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1185-1190 (2017), when a federal court exercises its inherent authority to sanction bad-faith conduct by ordering a litigant to pay the other side's legal fees, the award is limited to the fees the innocent party incurred solely because of the misconduct— or put another way, to the fees that party would not have incurred but for the bad faith. Although th[ese] statements were made regarding sanctions to a party, and by invoking its inherent authority to sanction bad-faith, which is not our case, even assuming that the sanctions imposed survived all the previously discussed legal contentions, in the instant case the Bankruptcy Court granted BPPR's motion in which BPPR asked fees for items, which were not properly subject of February 22, 2017, sanctions evidentiary hearing. As we stated before, this issue was vigorously raised, during the evidentiary hearing and in Dr. Quintero's motion requesting reconsideration of order of sanctions on Docket No. 789" (Docket No. 16, pgs. 14-15); and (ii) "[m]oreover, if this Honorable Court moves to reaffirm the Bankruptcy Court's Order as entered on Docket No. 787, the sum of $15,352.00 still excessive since the dockets included by the said order begins with Dkt. #324 which is dated February 14, 2011. In relation to this specific argument of excessiveness of the sum of the sanctions awarded, BPPR only relays in its assertion that Dr. Quintero's argument was waived as he untimely waived his right to contest that sum because [of] his failure to oppose Popular's attorneys' fees memorandum. As we previously mentioned, the scope of the sanctions has been properly contested since the evidentiary hearing and Dr. Quintero's reconsideration motion on Dkt. No. 789 at

page 8, ¶2. Moreover, the sanction imposed to Dr. Quintero is the only object of this appeal. Accordingly, the granted sum of $15,352.00 as sanctions must be vacated, dismissed or considerably diminished due to the extended scope made by BPPR in its description of fees." (Case No. 18-01066; Docket No. 16, pg. 15).

BPPR filed a *Motion of Reconsideration* as to the *Judgment* in the district court case arguing that : (i) Dr. Quintero did not oppose BPPR's memorandum of attorney's fees in the Bankruptcy Court and the same was granted as unopposed, thus the issue was not preserved for appellate review and should be disregarded; (ii) Dr. Quintero's brief failed to make a single specific reference to any particular entry included in BPPR's unopposed attorney's fees memorandum that could lend support to his belated claim. Therefore, Dr. Quintero's perfunctory briefing at the appellate level of the attorney's fees award issue amounts to waiver; and (iii) the Bankruptcy Court did not abuse its discretion when it imposed its proportional sanction to Dr. Quintero's lengthy history of dilatory and vexatious litigation tactics (Docket No. 846). On May 7, 2019, Dr. Quintero filed a *Motion Tendering an Opposition to Rehearing* (Case No. 18-01066, Docket No. 22). On May 16, 2019, BPPR filed a *Motion Tendering Proposed Reply Brief in Support of Motion to Reconsider* (Case No. 18-01066, Docket No. 24). On August 12, 2019, the district court denied BPPR's *Motion for Reconsideration* (Docket No. 847).

Dr. Quintero's argument regarding the "excessive" attorney's fees in the sum of $15,352.00 before the district court is based on the allegation that BPPR could only claim attorney's fees incurred after the September 2015 *subpoenas duces tecum* and on the extended scope made by BPPR in its description of fees and that the fees should be limited to the fees that the party would not have incurred for the bad faith. The district court in its March 29, 2019 *Judgment* granted the award of attorney's fees as a sanction but vacated the amount of the sanction so that the same may be adjusted for items that were incurred as attorney's fees related to legitimate discovery or otherwise unrelated to dilatory tactics by Dr. Quintero, such as changes in representation. Dr. Quintero's argument regarding the "excessive" attorney's fees before the district court was not based on entries that were improperly submitted due to: duplicity of entries; the use of unnecessary duplicity of experienced attorneys, duplicated billing; duplicity of legal research; and entries that include unreasonable and excessive time billed for federal court experienced attorneys pursuant to the lodestar method. This court concludes that this is a different argument which was not presented to the district court on appeal for it to consider and therefore, the district court did not adjudicate the same.

Applicable Law

*Raise-or-Waive Rule*

The United States Court of Appeals for the First Circuit in <u>Banco Bilbao Vizcaya Argentaria v. Wiscovitch-Rentas</u> (<u>In re Net-Velazquez</u>), 625 F. 3d 34, 40 (1st Cir. 2010) established the following regarding the raise-or-waive rule:

> "The proposition is well established that, "absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal." <u>Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.</u>, 953 F. 2d 17, 21 (1st Cir. 1992); see also <u>Iverson v. City of Boston</u>, 452 F. 3d 94, 102 (1st Cir. 2006) (collecting cases and describing the circuit's "echolalic regularity" in applying the waiver rule). Though sometimes severe in effect, this raise-or-waive rule "is founded upon important considerations of fairness, judicial economy, and practical wisdom." <u>Nat'l Ass'n of Soc. Workers v. Harwood</u>, 69 F. 3d 622, 627 (1st Cir. 1995)." <u>In re Net-Velazquez</u>, 625 F. 3d at 40.

"Perhaps more important, we see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. See, e.g., <u>Brown v. Trustees of Boston Univ.</u>, 891 F. 2d 337, slip. Op. at 39 (1st Cir. 1989); <u>Leer v. Murphy</u>, 844 F. 2d 628, 634 (9th Cir. 1988). It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." <u>Rivera-Gomez v. de Castro</u>, 843 F. 2d 631, 635 (1st Cir. 1988) (quoting <u>Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.</u>, 840 F. 2d 985, 990 (1st Cir. 1988))." <u>United Stated v. Zannino</u>, 895 F. 2d 1, 17 (1st Cir. 1990); See also <u>DiMarco-Zappa v. Cabanillas</u>, 238 F. 3d 25, 34 (1st Cir. 2001) ("Simply noting an argument in passing without explanation is insufficient to avoid waiver.").

A nonexhaustive list of factors has been applied in identifying exceptional cases in which relief from waiver is appropriate. Such factors include: "(1) whether the litigant's failure to raise the issue has deprived the court of appeals of useful factfinding, or whether the issue was of a purely legal nature; (2) whether the omitted argument raises an issue of constitutional magnitude; (3) whether the argument was highly persuasive and failure to reach it would threaten a miscarriage of justice; (4) whether considering the issue would cause prejudice or inequity to the adverse party; (5) whether the failure to raise the issue was inadvertent and provided no tactical advantage; and

(6) whether the issue implicates "matters of great public moment," Nat'l Ass'n of Soc. Workers v. Harwood, 69 F. 3d at 628. See Montalvo v. Gonzalez-Amparo, 587 F.3d 43, 48-49 (1st Cir. 2009); Harwood, 69 F. 3d at 627-28.. In re Net-Velazquez, 625 F. 3d at 41. However, the bar for considering a new argument on appeal is high for such an exercise of discretion and it applies only when "the equities heavily preponderate in favor of such step. Harwood, 69 F.3d at 627.

*Awards of Attorney's Fees*

The court before continuing with its analysis must establish the appropriate framework for determining the award of attorney's fees. Much of the jurisprudence that is cited is based on fee-shifting statutes such as 42 U.S.C.S. §1988 and 42 U.S.C.S. §7604 which allow a prevailing party to recover reasonable attorney's fees as part of its cost. The legislative policy underlying fee-shifting statutes is the desire to enable poor citizens with good claims to secure competent help. See In re Pub. Serv. Co., 160 B.R. 404, 412, fn. 9 (Bankr. D.N.H. 1993). In the Bankruptcy arena, the cases are not "fee-shifting" because the funds for the fees are not coming "out of the opponent's pocket" but rather from the debtor's estate. In the bankruptcy cases, the lodestar approach is generally employed under 11 U.S.C. §§328, 330. However, the instant case is different because even though it is within a bankruptcy case, the same is within the context of sanctions granted to creditor BPPR due to the dilatory tactics of Dr. Quintero in the discovery phase. Dr. Quintero is a third party and estate funds are not involved.

The Court of Appeals for the First Circuit has adopted the "lodestar approach" in cases where attorney's fees are awarded. Under the "lodestar approach," "the judge calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account qualifications, experience, and specialized competence of the attorneys involved)." Gay Officers Action League v. Puerto Rico, 247 F. 3d at 295 (citing Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992); United States v. Metro. Dist. Comm'n, 847 F. 2d 12, 15-17 (1st Cir. 1988); Grendel's Den, Inc. v. Larkin, 749 F. 2d 945, 950-951 (1st Cir. 1984)); See also Blum v. Stenson, 465 U.S. 886, 895 n.11, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984). The party seeking the fees bears the burden of evincing the reasonableness of the hours it claims. Burke v. Mcdonald, 572 F. 3d 51, 63 (1st Cir. 2009). The burden is also on the fee applicant to show that the requested rates are comparable with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. Blum v. Stenson, 465 at 896. "In fashioning fee awards, the attorneys' contemporaneous billing records

constitute the usual starting point, but the court's discretion is by no means shackled by those records." Gay Officers Action League v. Puerto Rico, 247 F. 3d at 295.

After the initial amount of the attorney's fee award is calculated, the same may be reduced due to: (1) overstaffing of a case; (2) the excessiveness of the hours expended on legal research or the discovery proceedings; (3) the redundancy of the work exercised, or (4) the time spent on needless or unessential matters." Hensley v. Eckerhart, 461 U.S. 424, 432-435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); See also, Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 775 (D.P.R. 1997); Serrano v. Ritz-Carlton San Juan Hotel Spa & Casino, 808 F. Supp. 2d 393, 398 (D.P.R. 2011). The court may further modify the lodestar determined fee, upward or downward based on the following additional factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Georgia Highway Express Inc., 488 F. 2d 714, 717-719 (5th Cir. 1974); Globe Distributors, Inc. v. Adolph Coors Co., 145 B.R. 728, 733-734 (Bankr. D.N.H 1992); Serrano v. Ritz-Carlton San Juan Hotel Spa & Casino, 808 F. Supp. 2d at 398.

Discussion

Dr. Quintero relies on the case of Torres-Rivera v. O'Neill Cancel, 524 F. 3d 331, 336-337 (1st Cir. 2008) for a court relying on principles of equity to find fees unreasonable based upon reported hours that are excessive, redundant, or otherwise unnecessary. The case of Torres-Rivera v. O'Neill Cancel was brought on appeal before the Court of Appeals for the First Circuit under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.S. §1988, a federal fee-shifting statute, in which the plaintiff was challenging the attorney's fees award. In this case, the plaintiffs moved for reconsideration before the district court and the court revised the attorney's fees award. The plaintiffs also filed a supplemental motion seeking payment of the attorney's fees regarding the litigation of the fee petition itself. The district court, without explanation, denied this motion. The plaintiffs appealed both the fee award and the denial of their supplemental motion. The court finds that this case is inapposite to the instant controversy given that the plaintiffs appealed after

-12-

they had requested reconsideration of the attorney's fees and after the denial of their supplemental motion. Dr. Quintero also relies on the case of Gay Officers Action League v. Puerto Rico, 247 F. 3d 288 (1st Cir. 2001) which is also a case under the Civil Rights Attorney's Fees Awards Act of 1976 in which the defendant sought review of an Order from the district court which awarded attorneys' fees and expenses to plaintiffs in a civil rights action. The court finds that this case is also inapposite to the instant case because the issue of the attorney's fees was presented before both courts.

This court has revisited in detail the procedural history regarding this particular legal controversy and has found that Dr. Quintero did not present on appeal to the district court (nor to the bankruptcy court) for its consideration his second argument regarding "excessive" attorney's fees based upon entries that were improperly submitted due to: duplicity of entries; the use of unnecessary duplicity of experienced attorneys, duplicated billing; duplicity of legal research; and entries that include unreasonable and excessive time billed for federal court experienced attorneys pursuant to the lodestar method. Consequently, this court finds that this specific argument as to the "excessive" attorney's fees was waived by Dr. Quintero.

The court will now delve into the second issue, namely, whether attorney Abesada and attorney Díaz Olmo's revised their time sheet entries to comply with the district court Judgment's remand instructions as to the reduction of timesheet entries that are legitimately related to discovery, or unrelated to dilatory tactics by Dr. Quintero. The time sheet entries should comply with the "but-for causation standard" in which the "… court's fundamental job is to determine whether a given legal fee—say, for taking a deposition or drafting a motion—would not have been incurred in the absence of the sanctioned conduct. The award is then the sum total of the fees that, except for the misbehavior, would not have accrued." Goodyear Tire & Rubber Company v. Haeger, 137 S. Ct. 1178, 1187, 197 L. Ed. 2d 585, 594 (2017)

After perusing the time sheet entries submitted by BPPR, the court finds that they include time sheet entries unrelated to Dr. Quintero's dilatory tactics such as: corporate research related to corporate entities; status conference hearings; preparation of document production request and e-mails legitimately related to discovery; legal research and preparation of urgent motion to strike appearance of C. Rodriguez Quesada; review of *pro hac vice* motions; ensure that the entries related to the 02/21/2017 evidentiary hearing (Docket Nos. 769; 781) only comprise Matter I. Two matters were considered; namely; (Matter I) namely the Motion requesting order granting motion to requesting inquiry into misrepresentations to the court filed by alleged involuntary debtor Edgar

-13-

Reyes Colon (Docket No. 717); and 2- Motion to adopt and join Edgar Reyes Colon's motion to request an inquiry into BPPR's misrepresentations to the court filed by Francisco Quintero Peña (Docket No. 747). The court also considered Matter II which was BPPR's motion to remove professional and to disqualify counsel Fernando Van Derdys for conflict of interest. Consequently, the court orders the attorneys for BPPR to submit again their time sheet entries so that the same comply with the district court's *Judgment* which has been extensively discussed herein.

### Conclusion

For the reasons stated herein, BPPR's *Motion in Compliance* is denied. Dr. Quintero's Opposition to Motion in Compliance is granted in part and denied in part. The court further finds that Dr. Quintero waived the "excessive" attorney's fees argument as it relates to fees based upon entries that were improperly submitted due to: duplicity of entries; the use of unnecessary duplicity of experienced attorneys, duplicated billing; duplicity of legal research; and entries that include unreasonable and excessive time billed for federal court experienced attorneys pursuant to the lodestar method. The court hereby orders BPPR to submit to the court within thirty (30) days revised timesheet entries in conformity with the district court's specific (particular) remand instructions.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of December 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

-14-